UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Brianna Ford, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>Farha Roofing, LLC, and Farha Roofing KC, LLC,<br><br>      Defendants. | CASE NO. 4:23-cv-635<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1. Brianna Ford ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Farha Roofing, LLC and Farha Roofing KC, LLC (together "Defendants") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and both 47 C.F.R. §§ 64.1200(d)(4) and 64.1200(d)(6) by delivering more than one advertisement or telemarketing message to residential telephone numbers without maintaining and adhering to do-not-call lists, and while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

## Parties

4. Plaintiff is a natural person who at all relevant times resided in Raymore, Missouri.

5. Farha Roofing, LLC is a Kansas limited liability company headquartered in Wichita, Kansas.

6. Farha Roofing KC, LLC is also a Kansas limited liability company headquartered in Wichita, Kansas

7. Defendants are a division of, and subsidiaries of, Farha Construction, Inc., a Kansas corporation.[1]

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

9. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district and a significant portion of the events giving rise to this action occurred in this district.

10. In particular, Defendants directed their text messages to Plaintiff's telephone in this district, and Plaintiff received Defendants' text messages in this district.

## Factual Allegations

11. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(816) 510-XXXX.

12. Plaintiff uses her cellular telephone as her personal residential telephone number.

---

[1] *See, e.g.*, https://www.bbb.org/us/ks/wichita/profile/roofing-contractors/farha-roofing-0714-40134 ("Farha Roofing is a family owned business and as a division of Farha Construction, Inc. has been licensed and insured since 1978.") (last visited September 8, 2023).; https://www.facebook.com/FarhaRoofing ("Farha Roofing is a division of Farha Construction, Inc. and has been a trusted business in Wichita") (last visited September 8, 2023).

13. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14. Plaintiff registered her cellular telephone number with the DNC Registry on September 26, 2006.

15. In or around August 2022 and continuing through September 2022, Plaintiff began receiving text messages on her cellular telephone from (913) 372-2731:



16. The purpose of Defendants' text messages was to advertise their roofing services: specifically, to repair, replace, or inspect Plaintiff's roof.

17. Plaintiff did not recognize the sender of these text messages.

18. Plaintiff did not request any quotes as referenced in the subject text messages.

19. Plaintiff did not receive or request any quotes for roofing services.

20. Plaintiff is not named "Berry," and does not know any person named "Berry."

21. Plaintiff did not previously interact with Farha Roofing.

22. Plaintiff is not, and was not, interested in Defendants services or marketing.

23. Defendants sent, or caused to be sent, at least five advertisement or marketing text messages to Plaintiff's cellular telephone in 2022.

24. Plaintiff did not give Defendants prior express consent or prior express written consent to send text messages to her cellular telephone number.

25. In fact, Defendants tacitly acknowledges that they did not have Plaintiff's prior express written consent to send text messages to her cellular telephone number, given that they—while referencing Plaintiff by a wrong name—stated that they found her cellular telephone number on a property database.

26. Defendants sent the text messages at issue for non-emergency purposes.

27. Upon information and good faith belief, Defendants sent the text messages at issue voluntarily.

28. The purpose of the text messages at issue was to advertise and to market Defendants' business or services.

29. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

30. Upon information and good faith belief, Defendants knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

## Class Action Allegations

31. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Farha Roofing, LLC or Farha Roofing KC, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Farha Roofing, LLC's or Farha Roofing KC, LLC's or their business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Farha Roofing, LLC or Farha Roofing KC, LLC delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

> All persons and entities throughout the United States (1) to whom Farha Roofing, LLC or Farha Roofing KC, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Farha Roofing, LLC's or Farha Roofing KC, LLC's or their business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Farha Roofing, LLC or Farha Roofing KC, LLC, and a telephone number or address at which Farha Roofing, LLC or Farha Roofing KC, LLC may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

32. Excluded from the classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

33. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

34. The exact number of members of the classes are unknown to Plaintiff at this time,

and can be determined only through appropriate discovery.

34. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

36. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties, including class members.

37. Plaintiff's claims are typical of the claims of the members of the classes.

38. As it did for all members of the Federal Do-Not-Call Registry Class, Defendants delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her telephone number with the DNC Registry.

39. As it did for all members of the Sender Identification Class, Defendants delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Defendants, and a telephone number or address at which Defendants may be contacted.

40. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendants.

41. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

42. Plaintiff suffered the same injuries as the members of the classes.

43. Plaintiff will fairly and adequately protect the interests of the members of the classes.

44. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

45. Plaintiff will vigorously pursue the claims of the members of the classes.

46. Plaintiff has retained counsel experienced and competent in class action litigation.

47. Plaintiff's counsel will vigorously pursue this matter.

48. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

49. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

50. Issues of law and fact common to all members of the classes include:

   a. Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

   b. For the Federal Do-Not-Call Registry Class, Defendants' practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. For the Sender Identification Class, Defendants' practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendants, and a telephone number or address at which Defendants may be contacted;

   d. Defendants' violations of the TCPA; and

   e. The availability of statutory penalties.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

52. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

53. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

54. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

55. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

56. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

57. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

58. There will be no extraordinary difficulty in the management of this action as a class action.

59. Defendants acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

8

61. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

62. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

64. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

65. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

66. Defendants violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

67. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

## Count II
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Sender Identification Class

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

69. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

70. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

71. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

72. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

73. Defendants violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

74. Defendants therefore violated 47 U.S.C. § 227(c)(5) because of its violations of 47 C.F.R. § 64.1200(d)(4).

75. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the proposed classes under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendants from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the classes damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 13, 2023

/s/ Anthony E. LaCroix
Anthony E. LaCroix
LaCroix Law
1600 Genessee, Suite 956
Kansas City, Missouri 64102
Tele: (816) 399-4380
tony@lacroixlawkc.com

Alex D. Kruzyk (to seek admission *pro hac vice*)
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701

Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed classes*