UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRIANNA FORD, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>FARHA ROOFING, LLC, FARHA ROOFING KC, LLC, and SUMMA MEDIA, LLC,<br><br>  Defendants.<br><br>FARHA ROOFING, LLC, and FARHA ROOFING KC, LLC,<br><br>  Third Party Plaintiffs,<br><br>v.<br><br>SUMMA MEDIA, LLC,<br><br>  Third Party Defendant. | CASE NO. 4:23-cv-635 |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH INTEGRATED SUGGESTIONS IN SUPPORT**

**Table of Contents**

Introduction ............................................................................................................................................. 1

Summary of the Settlement .................................................................................................................. 1

Class Notice, Claims, and Exclusions .................................................................................................. 2

Argument ............................................................................................................................................... 4

    I.    This Court should confirm its certification of the Settlement Class under Rule 23 for settlement purposes. .................................................................................................................. 4

    II.    The Settlement is fair, reasonable, and adequate under Rule 23(e). ................................... 4

        A.    The merits of the case, balanced against the amount recovered through the Settlement, supports final approval. ........................................................................................................ 5

        B.    The complexity and expense of future litigation supports final approval. ..................... 7

        C.    That no Settlement Class Members objected to the Settlement underscores its fairness. ................................................................................................................................ 7

        D.    Defendants' financial condition, including their lack of applicable insurance coverage, further supports the reasonableness of the Settlement. ............................................... 9

        E.    The remaining Rule 23(c)(2) factors support approval of the Settlement. .................... 9

    III.    The notice program complied with Rule 23 and due process. ...................................... 11

Conclusion ........................................................................................................................................... 12

# Table of Authorities

**Cases**

*Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS, 2020 U.S. Dist. LEXIS 189558 (N.D. Cal. Oct. 9, 2020) ............................................................................................................................... 12

*Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848 (N.D. Cal. 2010) .................................. 9

*DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171 (8th Cir. 1995) ......................................................... 7

*Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 U.S. Dist. LEXIS 160052 (E.D. Cal. Oct. 31, 2012) ........................................................................................................... 9

*Gehrich v. Chase Bank United States*, 316 F.R.D. 215 (N.D. Ill. 2016) ....................................... 6

*George v. Uponor Corp.*, No. 12-249 (ADM/JJK), 2015 U.S. Dist. LEXIS 119750 (D. Minn. Sept. 9, 2015) ............................................................................................................................ 8

*Hashw v. Dept. Stores Nat'l. Bank*, 182 F. Supp. 3d 935 (D. Minn. 2016) ............................... 4, 6

*In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000) ............... 9

*In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) ............... 6

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922 (8th Cir. 2005) .................... 4, 5

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, No. 03-015, 2004 U.S. Dist. LEXIS 23342 (W.D. Mo. Apr. 20, 2004) ........................................................................................................ 5

*Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291 (S.D. Miss. 2014) ........................................... 7

*Keil v. Lopez*, 862 F.3d 685 (8th Cir. 2017) .................................................................................. 7

*Lopez v. Velocity Transp. LLC*, No. 22-cv-1414-RSH-KSC, 2024 U.S. Dist. LEXIS 218690 (S.D. Cal. Dec. 3, 2024) ............................................................................................................ 3

*Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2017 U.S. Dist. LEXIS 17546 (N.D. Ga. Jan. 30, 2017) ................................................................................................................................... 6

*Marshall v. Nat'l. Football League*, 787 F.3d 502 (8th Cir. 2015) ............................................... 8

*Miles v. Medicredit, Inc.*, No. 4:20-cv-1186-JAR, 2023 U.S. Dist. LEXIS 23103 (E.D. Mo. Feb. 7, 2023) ................................................................................................................................ 6, 12

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140 (8th Cir. 1999) ........................................................... 7

*Prater v. Medicredit, Inc.*, No. 4:14-cv-00159-ERW, 2015 U.S. Dist. LEXIS 167215 (E.D. Mo. Dec. 7, 2015) ........................................................................................................................... 12

*Rattner v. Tribe App, Inc.*, No. 1:17-cv-21344-UU, 2018 U.S. Dist. LEXIS 247827 (S.D. Fla. Jan. 23, 2018) .................................................................................................................. 3

*Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 U.S. Dist. LEXIS 121641 (N.D. Cal. Aug. 29, 2014) ................................................................................................................ 6

*Shaw v. Interthinx, Inc.*, No. 13-CV-01229-REB-NYW, 2015 U.S. Dist. LEXIS 52783 (D. Colo. Apr. 22, 2015) .................................................................................................................. 8

*St. Louis Heart Cntr., Inc. v. Vein Cntrs. for Excellence, Inc.*, No. 12-174, 2013 U.S. Dist. LEXIS 174975 (E.D. Mo. Dec. 11, 2013) ................................................................................ 6

*Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988) .................................................................. 4, 8

*Wilcox v. Swapp*, No. 2:17-CV-275-RMP, 2020 U.S. Dist. LEXIS 130616 (E.D. Wash. July 23, 2020) .............................................................................................................................. 3

*Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669 (S.D. Iowa 2009) .............................. 8

*Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) .. 6

**Statutes**

28 U.S.C. § 1715 ........................................................................................................................... 3

## Introduction

Following 18 months of contested litigation, Brianna Ford ("Plaintiff"), Farha Roofing, LLC ("Farha Roofing"), Farha Roofing KC, LLC ("Farha KC") (Farha Roofing and Farha KC are collectively, "Farha") and Summa Media, LLC ("Summa") (collectively with Farha, "Defendants") agreed to resolve this matter under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In short, Defendants will create a non-reversionary, all-cash common fund in the amount of $250,000.00 (the "Settlement"). As a result, the 249 participating Settlement Class Members each stand to receive approximately $481.10.[1]

This Court preliminarily approved the Settlement on March 31, 2025. *See* ECF No. 60. Thereafter, the class administrator—CPT Group—sent the Court-approved notice, with a detachable claim form, via direct mail to potential class members. In addition, CPT Group published notice of the settlement on a dedicated website, www.FordTCPASettlement.com. No objections were made to the Settlement, no persons sought exclusion from the Settlement.[2] Moreover, no objections resulted from notice provided to governmental agencies under the Class Action Fairness Act ("CAFA"). In light of the Settlement's considerable benefits and the lack of opposition from Defendant or any Settlement Class Members, Plaintiff respectfully submits that this Court should finally approve the Settlement and enter a Final Order and Judgment.

## Summary of the Settlement

The parties agreed to resolve this matter on behalf of the following class:

---

[1] This expected per-claimant net recovery accounts for the expected notice and administration costs, an award of attorneys' fees and litigation expenses, and a service award. *See* ECF No. 65. The per-claimant recovery may change slightly if additional timely-mailed claims are received or if any claims are subsequently discovered to be invalid.

[2] The objection and exclusion deadline was June 13, 2025. *See* ECF No. 60 at 10.

All persons throughout the United States (1) to whom Summa Media, LLC, Farha Roofing, LLC, or Farha Roofing KC, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Farha Roofing, LLC's or Farha Roofing KC, LLC's or their business partners' goods or services, (2) from September 13, 2019 to October 16, 2024, and (3) whose residential telephone number is included in the Settlement Class Data.

To compensate class members, Defendants will create a non-reversionary common fund in the amount of $250,000.00. Paid from the common fund will be the compensation to Settlement Class Members after deducting the cost of notice to potential Settlement Class Members and claims administration, litigation costs and expenses, for which Plaintiff's counsel petitioned this Court attorneys' fees, calculated as a percentage of the Settlement Fund, for which Plaintiff's counsel petitioned this Court and an incentive award to Plaintiff, for which he petitioned this Court (collectively, "Expenses"). *See* ECF No. 65. It is expected that each of the participating Settlement Class Member will receive approximately $481.10.

**Class Notice, Claims, and Exclusions**

CPT successfully delivered notice to potential Settlement Class Members in accordance with this Court's Preliminary Approval Order. *See* Declaration of Veronica Olivares ("Olivares Dec."), attached as Exhibit A.

*Direct Mail Notice:* After performing reverse telephone number look-ups on the telephone numbers provided to it by Defendants as belonging to potential Settlement Class Members who could have received the telemarketing text messages, CPT Group delivered postcards to potential Settlement Class Members, which included summary notice of the settlement and a detachable claim form. *See* Olivares Dec., ¶¶ 5, 7.

Settlement Website: To supplement the robust direct mail notice program, CPT Group established and maintains a website dedicated to the settlement— www.FordTCPASettlement.com—that includes information pertinent to Settlement Class

2

Members such as court filings, as well as answers to frequently asked questions. *Id.* at ¶ 8. Settlement Class Members were able to view notice documents and submit claims via the settlement website. *Id.*

Toll-Free Information Line: CPT Group established and maintains a toll-free telephone number—(888) 497-8916—for Settlement Class Members to obtain information about the Settlement. *Id.* at ¶ 10.

Claims: As of January 5, 2023, 6,390 claims were received by CPT Group and considered to be valid. *Id.* at ¶ 13.

Exclusions: No Settlement Class Member requested to be excluded from the Settlement. *Id.* at ¶ 12.

Objections: No Settlement Class Member objected to the Settlement. *Id.*

Class Action Fairness Act Notice: CPT Group timely served notice required by the CAFA.[3] *Id.* at ¶ 3. No government official, state or federal, objected to or raised an issue regarding the

---

[3] CAFA calls for notice to the attorneys general to be mailed within ten days of submission of a proposed class action settlement, *See* 28 U.S.C. § 1715 (b). Here, notice was mailed on March 11, 2025, which is the eleventh day—albeit seven business days—following the parties' submission of their joint notice regarding CAFA, ECF No. 58. Courts across the country routinely hold that that such minor delays are inconsequential and may be excused so long as the Court does not issue a final approval order within 90 days of the notice. *See id.* at § (d) (affording officials 90 days to respond to CAFA notice); *Lopez v. Velocity Transp. LLC*, No. 22-cv-1414-RSH-KSC, 2024 U.S. Dist. LEXIS 218690, at *11-12 (S.D. Cal. Dec. 3, 2024) ("the critical question is whether state and federal government officials are allowed ninety days to object to the settlement or request to be heard.") (collecting cases); *Wilcox v. Swapp*, No. 2:17-CV-275-RMP, 2020 U.S. Dist. LEXIS 130616, at *5 (E.D. Wash. July 23, 2020) (same); *Rattner v. Tribe App, Inc.*, No. 1:17-cv-21344-UU, 2018 U.S. Dist. LEXIS 247827, at *3 (S.D. Fla. Jan. 23, 2018) (same, collecting cases).

Here, CAFA notice was executed more-than 130 days prior to the final fairness hearing, which far exceeds that 90 day window required by CAFA.

Settlement. *Id.*

## Argument

I. **This Court should confirm its certification of the Settlement Class under Rule 23 for settlement purposes.**

This Court previously certified the Settlement Class for settlement purposes. *See* ECF No. 60. Because nothing has changed in the interim warranting a departure from the Court's reasoning, Plaintiff respectfully submits that this Court should confirm its certification of the Settlement Class for settlement purposes.

II. **The Settlement is fair, reasonable, and adequate under Rule 23(e).**

The Eighth Circuit instructs courts reviewing class action settlements to analyze four factors in considering a settlement's fairness, reasonableness, and adequacy under Rule 23(e): (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005); *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988).

As well, Rule 23(e) mandates consideration of several additional factors, including that the class representative and class counsel have adequately represented settlement class members, and that the settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e).

Here, each relevant factor supports that the Settlement is fundamentally fair, reasonable, and adequate. And in evaluating these factors, "the settlement enjoys a presumption of fairness." *Hashw v. Dept. Stores Nat'l. Bank*, 182 F. Supp. 3d 935, 943 (D. Minn. 2016) (citing *In re Uponor, Inc. F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013)) ("This is especially true because the settlement was reached through mediation with a third-party neutral, and only after substantial discovery had taken place."); *accord In re Wireless Tel. Fed. Cost*

*Recovery Fees Litig.*, No. 03-015, 2004 U.S. Dist. LEXIS 23342, at *31 (W.D. Mo. Apr. 20, 2004) ("It is the surety of settlement that makes it a favored policy in dispute resolution as compared to unknown dangers and unforeseen hazards of litigation.") (Gaitan, Jr., J.).

### A. The merits of the case, balanced against the amount recovered through the Settlement, supports final approval.

"The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." *In re Wireless*, 396 F.3d at 933. Here, the parties vehemently disagree about the merits, as noted by the motion practice to date. *See* ECF No. 33 (Farha's motion to strike class allegations); ECF No. 34 (Farha's motion to dismiss); ECF No. 38 (Summa's motion to dismiss). They also disagree regarding whether Plaintiff could satisfy the elements of Rule 23 in an adversarial proceeding.

Interpretations of the TCPA are ever-evolving and notoriously unpredictable, further injecting uncertainty into the outcome. And even had Plaintiff succeeded on the merits and prevailed on appeal, a reduction in statutory damages was possible. *See Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1125 (9th Cir. 2022) (vacating "the district court's denial of the defendant's posttrial motion challenging the constitutionality of the statutory damages award to permit reassessment of that question guided by the applicable factors.").

Of course, in evaluating the fairness of the consideration offered in settlement, the Eighth Circuit has noted: "We have recognized that a class action settlement is a private contract negotiated between the parties. Rule 23(e) requires the court to intrude on that private consensual agreement merely to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned." *In re Wireless*, 396 F.3d at 934.

5

Against this backdrop, and given the considerable risks and uncertainties at play, the $250,000.00 Settlement constitutes an excellent result for Settlement Class Members. Indeed, the Settlement provides substantial cash relief—more than $480.00—to each participating Settlement Class Member. This substantial per-claimant recovery is on par with, and in many cases exceeds, other recently approved TCPA class action settlements. *See, e.g.*, *Miles v. Medicredit, Inc.*, No. 4:20-cv-1186-JAR, 2023 U.S. Dist. LEXIS 23103, at *6 (E.D. Mo. Feb. 7, 2023) ($157.10 per claimant); *Gehrich v. Chase Bank United States*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Hashw*, 182 F. Supp. 3d at 947 ($33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action); *Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 U.S. Dist. LEXIS 121641, at *30 (N.D. Cal. Aug. 29, 2014) (claimants received between $20.00 and $40.00 each).

Underscoring the fairness of the compensation recovered for Settlement Class Members, the court in *Markos v. Wells Fargo Bank, N.A*. characterized a $24.00 per-claimant recovery in a TCPA class action—far less than what participating Settlement Class Members stand to receive here—as "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter." No. 15-1156, 2017 U.S. Dist. LEXIS 17546, at *11 (N.D. Ga. Jan. 30, 2017).

Moreover, Settlement Class Members will obtain real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. *See, e.g.*, *St. Louis Heart Cntr., Inc. v. Vein Cntrs. for Excellence, Inc.*, No. 12-174, 2013 U.S. Dist. LEXIS 174975, at *31 (E.D. Mo. Dec. 11, 2013) (explaining that because the statutory damages available to each individual class member are small, it is unlikely that class members

6

have an interest in individually controlling the prosecution of separate actions). Therefore, because of the Settlement, participating Settlement Class Members will receive money they otherwise would have not likely pursued on their own.

**B. The complexity and expense of future litigation supports final approval.**

The Settlement constitutes an objectively favorable result for Settlement Class Members and outweighs the mere possibility of future relief after protracted and expensive litigation. *See Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 303 (S.D. Miss. 2014) ("Although this Action was actively litigated for over two years, recovery by any means other than settlement would require additional years of litigation.").

As a result of the Settlement, the parties avoid expensive, protracted future litigation, including expert submissions and related discovery, along with the issues raised in Defendants' various motions to dismiss or strike. *See* ECF Nos. 33-34, 38. This factor supports approval. *See Keil v. Lopez*, 862 F.3d 685, 698 (8th Cir. 2017) (noting that the "complexity and expense of future litigation" weighed in favor of settlement approval).

**C. That no Settlement Class Members objected to the Settlement underscores its fairness.**

The lack of opposition to the Settlement strongly favors approval. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999) ("Finally, fewer than 4 percent of the class members objected to the settlement, significantly fewer than the number of objectors to other settlements that have been approved.").

Of the thousands of potential Settlement Class Members to whom CPT Group distributed direct mail notice, *zero* excluded themselves from the Settlement or lodged any kind of objection to it. *See* Olivares Dec., ¶¶ 11-12. This overwhelmingly favorable reaction to the Settlement supports its approval. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) ("The

fact that only a handful of class members objected to the settlement similarly weighs in its favor."); *George v. Uponor Corp.*, No. 12-249 (ADM/JJK), 2015 U.S. Dist. LEXIS 119750, at *19 (D. Minn. Sept. 9, 2015) ("The present Settlement is presumptively valid, given the arm's length negotiations supervised by the independent mediator, Ross Hart, Esq., the extensive discovery conducted over several years of litigation, the substantial experience of both plaintiff and defense attorneys, and the lack of objectors." ); *Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669, 676 (S.D. Iowa 2009) ("No objections have been lodged against the proposed Settlement Agreement by either the class or opt-in collective members and no class members appeared at the fairness hearing in this matter. Such overwhelming support by class members is strong circumstantial evidence supporting the fairness of the Settlement.") (internal quotations and citations omitted).

In fact, the Eighth Circuit has approved settlements even where nearly half the class objected to it. *See Van Horn*, 840 F.2d at 606 (180 out of 400 class members objected). And, in *Marshall v. Nat'l. Football League*, the Eighth Circuit affirmed final approval of a class settlement despite nearly 10 percent of class members requesting exclusion. 787 F.3d 502, 513 (8th Cir. 2015) ("The fact that less than ten percent of the entire class opted out of the settlement—despite conscious efforts by some class members to persuade the other class members of unfairness—suggests it was favorable to what most members believed their claims were worth.").

Given that none of the tens of thousands of potential Settlement Class Members—nor any attorneys general—made an objection to the Settlement, it should be approved. *See, e.g., Shaw v. Interthinx, Inc.*, No. 13-CV-01229-REB-NYW, 2015 U.S. Dist. LEXIS 52783, at *11 (D. Colo. Apr. 22, 2015) ("[N]ot a single person objected to the Settlement, and only one class member excluded himself from it. This is a strong indication that the Settlement is fair, reasonable, and

adequate."); *see also Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 U.S. Dist. LEXIS 160052, at *17 (E.D. Cal. Oct. 31, 2012) ("The adequacy of the amount offered in settlement is also reinforced by the absence of any objection to the Settlement, as well as the low opt-out rate of less than 1% of the class."); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("The reaction of class members to the proposed settlement, or perhaps more accurately the absence of a negative reaction, strongly supports settlement."); *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.").

### D. Defendants' financial condition, including their lack of applicable insurance coverage, further supports the reasonableness of the Settlement.

Defendants' financial condition similarly favors final approval. To be sure, the fact that Defendants pointed the blame for Plaintiff's allegations at each other—potentially resulting in asset-depleting side litigation to determine which party was ultimately liable for the conduct at-issue in this matter—favors settlement, where Defendants each contributed toward a beneficial resolution. *See* ECF Nos. 12, 15. This is coupled with Defendants' lack of applicable insurance coverage, which limits future potential recovery, further favoring the settlement reached here.

### E. The remaining Rule 23(c)(2) factors support approval of the Settlement.

Consideration of the factors set forth in Rule 23(e) likewise supports approval. More specifically, Rule 23(e)(2) requires courts to consider whether (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed

award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3);3 and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

First, for the reasons set forth discussed *supra* Argument § II.A., the relief provided to the Settlement Class is more than adequate, particularly in light of the attendant risks.

Second, the parties negotiated the Settlement at arm's length following an initial mediation before Judge David Jones, who is an experienced neutral and former United States Magistrate Judge. *See* https://judgejonesadr.com/ (last visited June 12, 2025). Accordingly, the Settlement is not the product of collusion, but rather the result of fair, honest, arm's-length negotiations facilitated by an experienced mediator.

With respect to Plaintiff and her counsel, Plaintiff was, throughout this matter, committed to acting in the best interests of Settlement Class Members. *See* ECF No. 65-1 at 14-15, ¶¶ 50-55. She stayed updated on the case and spoke with her counsel regularly. *Id.* She produced documents, participated in discovery, and attended mediation. *Id.* And she remained prepared to, and did, make all necessary decisions required of her in the best interests of Settlement Class Members. *Id.*

Similarly, Plaintiff's counsel—who are experienced in complex litigation and have served as class counsel in numerous TCPA class actions—zealously litigated on behalf of Plaintiff and Settlement Class Members against sophisticated and experienced defense counsel. *See id.* at ¶¶ 9-21. And having done so, Plaintiff and her counsel obtained a meaningful recovery for Settlement Class Members.

Rule 23(e)(2)(D) also requires a court to confirm that a class action settlement treats all class members equitably. The Advisory Committee's Note to Fed. R. Civ. P. 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes

appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."

Here, all Settlement Class Members have the same legal claims under the same provision of the same statute. Correspondingly, the Settlement provides that each participating Settlement Class Member will receive an equal portion of the Settlement Fund, after deducting the Expenses. Additionally, the release affects each Settlement Class Member in the same way. As a result, consideration of the Rule 23(e)(2) factors supports approval.

**III.   The notice program complied with Rule 23 and due process.**

Pursuant to Rule 23(e), this Court previously directed notice in a reasonable manner to all class members who would be bound by the Settlement. *See* ECF No. 60 at 5.

To that end, CPT Group used all reasonable efforts to provide direct mail notice to potential Settlement Class Members. To start, CPT Group performed a reverse lookup process for those telephone numbers identified by Defendant to ascertain names and addresses of potential Settlement Class Members. Olivares Dec. at ¶ 5. CPT Group then sent direct mail notice by postcard, with a detachable claim form, to potential Settlement Class Members, where possible. *Id.* at ¶ 7. A copy of these notice materials is attached as Composite Exhibit B.

Separately, CPT Group established a dedicated settlement website, through which Settlement Class Members could review relevant documents, review the question-and-answer notice, and submit claims. *Id.* at ¶ 8. In addition, CPT Group established a dedicated email address and toll-free telephone number so that Settlement Class Members could ask questions or obtain additional information. *Id.* at ¶¶ 9-10.

As a result of this robust notice program, 249 Settlement Class Members submitted claims deemed to be valid. *Id.* at ¶ 12. Zero persons excluded themselves, and zero persons objected. *Id.* at ¶ 13.

The notice program, which is industry standard in TCPA class actions like this one, complies with Rule 23 and due process. *See Miles*, 2023 U.S. Dist. LEXIS 23103, at *4 (finding materially identical notice "satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances."); *Prater v. Medicredit, Inc.*, No. 4:14-cv-00159-ERW, 2015 U.S. Dist. LEXIS 167215, at *5 (E.D. Mo. Dec. 7, 2015) (same); *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS, 2020 U.S. Dist. LEXIS 189558, at *5 (N.D. Cal. Oct. 9, 2020) (same).

## Conclusion

Plaintiff respectfully requests, with the agreement of Defendants, that this Court enter the accompanying proposed Final Order and Judgment.

Dated: June 16, 2025

Respectfully submitted,

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk (pro hac vice)
Bryan A. Giribaldo (pro hac vice)
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

Anthony E. LaCroix
LaCroix Law Firm LLC
1600 Genessee, Suite 956
Kansas City, Missouri 64102
Tele: (816) 399-4380
tony@lacroixlawkc.com

*Counsel for Plaintiff and the proposed class*