**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| BRIANNA FORD, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FARHA ROOFING, LLC, FARHA ROOFING KC, LLC and SUMMA MEDIA, LLC., <br><br> Defendants. <br>_____<br> FARHA ROOFING, LLC, FARHA ROOFING KC, LLC, <br><br> Third Party Plaintiffs, <br><br> v. <br><br> SUMMA MEDIA, LLC., <br><br> Third Party Defendant. | No. 4:23-00635-CV-W-FJG |

## ORDER

On September 13, 2023, Brianna Ford ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Farha Roofing, LLC and Farha Roofing KC, LLC (together, "Farha") in the United States District Court for the Western District of Missouri, Case No. 4:23-cv-635, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. On July 3, 2024, Plaintiff amended her class action complaint to include Summa Media, LLC ("Summa") (together with

Farha, "Defendants") as a defendant in this matter.

Defendants have denied any and all liability alleged in the Lawsuit.

On January 16, 2025, after appropriate arms-length negotiations and several months after a private mediation before Judge David Jones, Plaintiff and Defendants (the "Parties") entered into a written settlement agreement (the "Settlement Agreement"), which was subject to review under Fed. R. Civ. P. 23.

On January 17, 2025, Plaintiff filed the Settlement Agreement, along with her Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants caused written notice of the proposed class settlement as directed.

On March 31, 2025, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Settlement Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Brianna Ford as the class representative; (iv) appointed Pardell, Kruzyk & Giribaldo, PLLC as class counsel; and (v) set the date and time of the Final Fairness Hearing.

On June 16, 2025, Plaintiff filed her Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On July 25, 2025, this Court held a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the settlement class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court.

Plaintiff now requests final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and the applicable record. All capitalized terms used herein have the meanings defined herein and in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States (1) to whom Summa Media, LLC, Farha Roofing, LLC, or Farha Roofing KC, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Farha Roofing, LLC's or Farha Roofing KC, LLC's or their business partners' goods or services, (2) from September 13, 2019 to October 16, 2024, and (3) whose residential telephone number is included in the Settlement Class Data.

Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Brianna Ford as the class representative and Alex D. Kruzyk and Bryan A. Giribaldo of Pardell, Kruzyk & Giribaldo, PLLC as class counsel. Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the

Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise Class Members of their rights.

The Court finds that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C. Plaintiff's claims are typical of the claims of the Settlement Class Members;

D. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, when considering, in their totality, the following factors: (1) the merits of Plaintiff's case, weighed against the terms of the settlement; (2) Defendant's financial condition; (3) the complexity and

expense of further litigation; and (4) the amount of opposition to the settlement. See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005); Van Horn v. Trickey, 840 F.2d 604, 606 (8th Cir. 1988).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members:

    A.    the class representative and class counsel have adequately represented the class;

    B.    the proposal was negotiated at arm's length;

    C.    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    D.    the proposal treats Settlement Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The Settlement Agreement, which is deemed incorporated herein, is finally approved and must be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

A. <u>Settlement Fund</u> - Defendant will establish a $250,000.00 Settlement Fund (the "Settlement Fund").

B. <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

a. The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential Settlement Class Members;

b. Plaintiff's attorneys' fees, in the amount of $83,333.00, and the reimbursement of class counsel's litigation costs and expenses, in the amount of $ 6,875.59; and

c. The Incentive Payment to Plaintiff, in the amount of $10,000.00, as acknowledgment of the time and effort she has spent in furtherance of her role in prosecuting this case on behalf of the Class Members, and as a result of the benefits Plaintiff achieved for Class Members.

C. <u>Settlement Payment to Class Members</u> - Each Class Member who has submitted a valid and timely claim form will receive compensation as set forth in the Settlement Agreement. Each settlement check will be void one-hundred twenty (120) days after issuance.

The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement.

No Class Members made a valid and timely request for exclusion.

This Order is binding on all Class Members.

Plaintiff, Class Members, and their successors and assigns are permanently

barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice, by virtue of these proceedings and this order.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit.

The Lawsuit is hereby **DISMISSED** with **PREJUDICE** in all respects.

This Order, the Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding, or an admission that a litigation class would have been certifiable in this proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation,

construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

Class Counsel's hourly rate—$550 per hour—is reasonable, and Class counsel's request for an award of attorneys' fees of $83,333.00 is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the amount of $6,875.59 is approved.

Plaintiff's request for an incentive award of $10,000.00 is approved.

IT IS SO ORDERED.

Date: July 29, 2025　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge